UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRANDI PALMER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-CV-392-ZMB |
| JAMES NASH and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

Before the Court is Defendant James Nash's motion to remand this case for lack of subject-matter jurisdiction under 28 U.S.C. § 1332(a). Doc. 19. Following a car accident, Plaintiff Brandi Palmer obtained a judgement against Nash. Palmer received a partial satisfaction of the judgement but sought the remainder through an equitable-garnishment action in state court against both Nash and Defendant State Farm Mutual Automobile Insurance Company. State Farm timely removed the garnishment action, and Nash later moved to remand. Because Nash was properly joined in the underlying action, thereby defeating complete diversity, the Court grants his motion to remand.

### **BACKGROUND**

Palmer was injured in a car accident with Nash, who was insured by State Farm. Doc. 1 ¶ 1. Palmer sued Nash in state court for the injuries she sustained during the crash. *Id.* After settlement negotiations failed, the case proceeded to a jury trial, and Palmer won a judgment against Nash in the amount of $410,000.00, along with pre- and post-judgement interest and costs. *Id.*; Doc. 7 ¶¶ 15–19. State Farm initially paid $100,000, which was the amount it believed was due under the policy limit, plus court costs, post-judgment interest, and a portion of the pre-judgment interest. Doc. 1 ¶¶ 2–4. The balance of the judgment remains outstanding. *Id.* ¶ 4.

Palmer later filed a petition for equitable garnishment under Mo. Rev. Stat. § 379.200 against both State Farm and Nash. Doc. 7 She claimed that State Farm failed to satisfy the judgement, as required by its policy, and that Nash remained personally liable for the remaining amount due. *Id.* ¶¶ 20–22. In his answer, Nash asserted a cross-claim against State Farm for bad faith. Doc. 8 at 2–6. State Farm then filed a timely Notice of Removal, alleging that the suit was removable to federal court despite Palmer's inclusion of Nash (a fellow Missouri citizen) because he had been fraudulently joined to defeat diversity. Doc. 1 ¶¶ 4–5, 7.

On April 23, 2025, Nash filed a motion to remand. Doc. 19. Nash argues that: (1) he was properly joined to the underlying lawsuit under Missouri law, thereby defeating diversity; and (2) that State Farm was seeking to have this Court reach the merits of the underlying lawsuit in addressing its jurisdictional claim. *Id.* at 2, 4. State Farm countered that Nash's citizenship was irrelevant due to fraudulent joinder and that, under the plain text of the garnishment statute, Palmer failed to assert a valid cause of action against Nash and State Farm. Doc. 20. The Court now takes up Nash's Motion to Remand.

## LEGAL STANDARD

A defendant generally may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). As relevant here, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "In addition, diversity jurisdiction requires that none of the defendants [are] residents of the forum state." *Jackson v. GEICO Cas. Co.*, No. 4:22-CV-1177-JAR, 2023 WL 2455635, at *2 (E.D. Mo. Mar. 10, 2023) (citing 28 U.S.C. § 1441(b)(2)).

After removal, a party may move to remand on jurisdictional grounds, and relief must be granted if it appears the court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c). The removing party "bears the burden of establishing federal jurisdiction by a preponderance of the evidence." *Keller v. Am. Bottling Co.*, No. 4:19-CV-2895-JAR, 2020 WL 3412236, at *1 (E.D. Mo. June 22, 2020) (citations omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted).

Generally, all defendants must consent to the removal of the action within 30 days. 28 U.S.C. § 1446(b)(2)(A). But when a defendant is fraudulently joined, its consent is not required. *See Couzens v. Donohue*, 854 F.3d 508, 513 (8th Cir. 2017). To determine if a defendant is fraudulently joined, courts consider whether "applicable state precedent precludes the existence of a cause of action against a defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). Under *Filla*, it must be "*clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant." *Id.* (quotation omitted). When conducting this analysis, district courts "should resolve all facts and ambiguities in the current controlling substantive law in . . . favor [of remand]." *Brown v. Progressive Premier Ins. Co.*, No. 4:17-CV-2815-HEA, 2018 WL 4144760, at *2 (E.D. Mo. Aug. 29, 2018) (quoting *Filla*, 336 F.3d at 811).

## DISCUSSION

Nash moves to remand this case for lack of subject-matter jurisdiction under section 1332(a). Doc. 10. There is no dispute that both Palmer and Nash are Missouri citizens, *see* Doc. 1 ¶ 9 n.2, so the propriety of remand turns entirely on State Farm's claim that the Court can overlook the lack of complete diversity based on fraudulent joinder. The Court finds that Nash was properly joined as a necessary party in the garnishment action and that State Farm's argument to the contrary effectively requires a merits determination at this early stage. Thus, particularly given the presumption in favor of state-court adjudication, remand is necessary here.

At the most basic level, State Farm's fraudulent-joinder argument fails because Palmer had no choice but to join Nash in her equitable-garnishment action. The plain text of Missouri Revised Statutes § 379.200 provides that:

> Upon the recovery of a final judgment against any person, . . . for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company . . . and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed in equity against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment. . . .

In recognizing that a "judgment creditor may proceed in equity against the defendant and the insurance company," the statute's plain text confirms that a plaintiff at least has the option of suing the insured. *Id.* More importantly, the Eighth Circuit has conclusively determined that "section 379.200 *requires* joinder of the defendant against whom judgement was entered." *Dunagan v. Esurance Prop. & Cas. Ins. Co.*, No. 4:25-CV-349-SRC, 2025 WL 2379721, at *3 (E.D. Mo. Aug. 15, 2025) (citing *Glover v. State Farm Fire & Cas. Co.*, 984 F.2d 259, 261 (8th Cir. 1993)).

Fraudulent joinder prevents plaintiffs from joining a non-diverse defendant with a "frivolous or illegitimate claim" that was "filed to prevent removal." *Jackson*, 2023 WL 2455635, at *1. But courts in the Eighth Circuit have repeatedly recognized that insureds like Nash are necessary parties to equitable-garnishment actions. *See, e.g.*, *id*. at *2 ("The Eighth Circuit has explained that . . . there is good reason to require the judgment debtor to be joined in the statutory action" because "the insurer may interpose defenses it would have used against its insured."); *Price v. Young Am. Ins. Co.*, No. 20-00149-CV-W-HFS, 2020 WL 4470443, at *3 (W.D. Mo. Aug. 4, 2020) ("[J]udgment debtors are statutorily necessary parties."); *Bowen v. Atl. Cas. Ins. Co.*, No. 413-CV-1919-JAR, 2013 WL 6159455, at *3 (E.D. Mo. Nov. 25, 2013) (finding that insured defendants were necessary parties to a garnishment action.). At a minimum, the fact that Nash was

4

joined as a necessary party presents serious problems for this Court's jurisdiction, and a finding of fraudulent joinder would be at odds with the rationale for the doctrine.

State Farm concedes that, "under § 379.200, a judgment creditor must name the judgment debtor as a defendant." Doc. 20 at 10. However, the company argues that there is "no reasonable basis in fact and law supporting [Palmer's] garnishment claim" because it purportedly has paid out the policy limit, which is the cap on recovery under the statute. *Id.* at 8–10, 12 (citation omitted). (quoting *MMMMM DP, LLC v. Cincinnati Ins. Co.*, No. 4:20-CV-867-SEP, 2021 WL 391711, at *3 (E.D. Mo. Feb. 4, 2021)). In support, State Farm cites *Wills v. Stiles*, which involved the removal of a similar equitable-garnishment action. No. 5:22-CV-06141-RK, 2023 WL 3446106 (W.D. Mo. May 12, 2023). However, that case is easily distinguishable because it was "undisputed" in *Wills* that "all available "insurance money [under the policy] has already been tendered to Plaintiff." Here, on the other hand, while the parties appear to agree that Nash's policy had a $100,000 limit, Doc. 20 at 2, Palmer has clearly asserted her belief there are funds still available under the policy. Doc. 1–2 ¶ 20 ("Defendant State Farm has failed to satisfy the Judgment, despite the State Farm Policy requiring State Farm to make such payment.").

That Palmer has not specified the exact portion of the policy requiring such payments is irrelevant to this Court's analysis of whether Nash was fraudulently joined. Before finding that there is "no reasonable basis in law and fact" for a claim, the Eighth Circuit "require[s] the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion," and courts must "not focus on the artfulness of the plaintiff's pleadings." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 980 (8th Cir. 2011). "[I]n situations where the sufficiency of the complaint against the non-diverse defendant is questionable, the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Filla*, 336 F.3d at 811 (quotation omitted).

5

It may well be the case that the policy limit has indeed been met, and that Palmer's equitable-garnishment action is doomed to failure. But it is not for this Court to decide at this early juncture. State Farm effectively "asks the Court to . . . decide [the] merits of Plaintiff's substantive claims . . . on a motion to remand." *Jackson*, 2023 WL 2455635, at *2. But because Nash was not "fraudulently joined to defeat diversity, . . . complete diversity does not exist," and this Court must remand the action for the state court to determine the ultimate issues in this case. *See Brown*, 2018 WL 4144760, at *4.[1]

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Nash's [19] Motion to Remand. The Court further **DENIES** without prejudice the parties' [30] Consent Motion for a Protective Order. The Court will issue a separate Order of Remand to accompany this order.

So ordered this 20th day of October 2025.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[1] Given that Nash was not fraudulently joined, State Farm's removal notice is also deficient because Nash has not consented to removal, as required under 28 U.S.C. § 1446(b)(2)(A).